UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEAN EMMANUEL RODRIGUEZ, | : | |
| Plaintiff, | : | Civ. No. 21-19710 (RBK) (AMD) |
| v. | : | |
| ATLANTIC COUNTY JUSTICE FACILITY, et al., | : | **OPINION** |
| Defendants. | : | |

| | | |
|---|---|---|
| JEAN EMMANUEL RODRIGUEZ, | : | |
| Plaintiff, | : | Civ. No. 21-20280 (RBK) (SAK) |
| v. | : | |
| ATLANTIC COUNTY JUSTICE FACILITY, et al., | : | **OPINION** |
| Defendants. | : | |

| | | |
|---|---|---|
| JEAN EMMANUEL RODRIGUEZ, | : | |
| Plaintiff, | : | Civ. No. 21-20281 (RBK) (AMD) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.  INTRODUCTION

Plaintiff, Jean Emmanuel Rodriguez ("Plaintiff" or "Rodriguez"), is a pretrial detainee currently lodged at the Atlantic County Justice Facility in Mays Landing, New Jersey. He seeks to bring these three *pro se* civil rights actions pursuant to 42 U.S.C. § 1983. Presently pending

before this Court are Plaintiff's applications to pursue these actions *in forma pauperis*. For the following reasons, Plaintiff's *in forma pauperis* applications are denied without prejudice. The Clerk shall administratively terminate all three cases.

## II.    THREE STRIKES

As indicated above, Plaintiff seeks to proceed *in forma pauperis*. The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Thus, if a prisoner has three or more dismissals under 28 U.S.C. § 1915(e), he cannot proceed unless he is in imminent danger of serious physical injury at the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)). The United States Supreme Court has further clarified that "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("A strike-call under Section 1915(g) thus hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect.").

---

[1] "Pretrial detainees are [considered] "prisoners" for purposes of the PLRA." *Williams v. Delaware Cty. Bd. of Prison Inspectors*, 844 F. App'x 469, 474 (3d Cir. 2021) (citing 28 U.S.C. § 1915(h); *Kalinowski v. Bond,* 358 F.3d 978, 979 (7th Cir. 2004)).

Recently, this Court noted in a separate case brought by Plaintiff that he has at least three strikes. *See Rodriguez v. United States*, No. 21-17538, 2021 WL 4520351, at *2 (D.N.J. Oct. 4, 2021).[2] Judge Bumb has also detailed Plaintiff's strikes as follows:

> Plaintiff appears to have at least four strikes under this provision. Plaintiff acquired the[se] strikes in the following cases: *Rodriguez v. Sandson et al.*, [Docket No. 13-7055 (RMB)] (D.N.J. Dec. 12, 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice based on immunity and failure to state a claim); *Rodriguez v. Sandson et al.*,[Docket No. 13-7056 (RMB)] (D.N.J. Dec. 12, 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice based on immunity and failure to state a claim); *Rodriguez v. Morse et al.*, [Docket No. 13-7057 (RMB)] (D.N.J. Dec. 12, 2013) (dismissing case with prejudice based on statute of limitations, immunity, and failure to state a claim); and *Rodriguez v. DeLury et al.*, [Docket No. 13-7058] (dismissing case with prejudice based on immunity). In each of these cases, the time period for appeal has expired.

*Rodriguez v. State of New Jersey*, No. 15-6708, ECF No. 2 (D.N.J. Sept. 30, 2015).

Given that Plaintiff has at least three strikes, he can only proceed *in forma pauperis* if he shows he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). In all three of Plaintiff's cases before this Court, Plaintiff claims he fears for his health and safety in contracting the COVID-19 virus while detained at the Atlantic County Justice Facility. Indeed, Plaintiff states in Civ. No. 21-19710 that he has been housed with two inmates who tested positive for the virus and that he has been placed in a cell with an inmate who has COVID-19 symptoms. Plaintff's complaints in Civ. Nos. 21-20280 and 21-20281 assert similar fears for his safety with respect to possibly contracting COVID-19 while detained at the Atlantic County Justice Facility.

---

[2] In Civ. No. 21-17358, Plaintiff's name was listed as Emmanuel Jean Rodriguez. While Plaintiff's first and middle name are switched in the three cases currently before this Court, Plaintiff's inmate number at the Atlantic County Justice Facility is the same in all three of his current cases as well as Civ. No. 21-17538. Thus, Plaintiff in these three actions is clearly the same person as in Civ. No. 21-17538.

In analyzing whether Plaintiff is in imminent danger of serious physical injury, it is first important to note Plaintiff gives no indication whether he has received the COVID-19 vaccine, or, if not, whether he has been unable to access the vaccine. In a recent case, the United States Court of Appeals noted that the COVID-19 vaccine is readily available and that a plaintiff's failure to show that he lacks proper access to the vaccine helps support a conclusion that the plaintiff is not in imminent danger of serious physical injury in overcoming a potential three-strike bar under §1915(g) with respect to contracting COVID-19. *See Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021). Furthermore, while not necessarily dispositive, Plaintiff has offered this Court no allegations regarding any underlying medical conditions that he possesses that would make him especially vulnerable to serious health concerns if contracts COVID-19. *Cf. Gonzalez v. Ortiz*, No. 20-18682, 2021 WL 3783138, at *4 (D.N.J. Aug. 26, 2021) (noting, albeit in the habeas context, that a petitioner is not entitled to relief at least in part related to a possible release due to conditions at a facility due to COVID-19 when petitioner came forward with *no* underlying medical conditions that make him especially susceptible to the possible damaging effects of COVID-19); *United States v. Catanzarite*, No. 18-362, 2020 WL 2786927, at *3 (D.N.J. May 29, 2020) (noting, albeit in the context of considering a request for compassionate release, that a court must conduct a highly individualized inquiry to determine whether COVID-19, *in conjunction* with a petitioner's individualized underlying medical conditions warrants granting compassionate release). Therefore, given these circumstances, Plaintiff has failed to show that he is in imminent danger of serious physical injury. Thus, his requests to proceed *in forma pauperis* are denied.

### III.     CONCLUSION

Plaintiff's applications to proceed *in forma pauperis* are denied without prejudice. Plaintiff has at least three strikes and he has failed to show that he is in imminent danger of serious physical injury to overcome the three-strike bar set forth in 28 U.S.C. § 1915(g). Accordingly, these three actions are administratively terminated. Plaintiff may move to reopen any or all these actions by either: (1) paying the applicable $402 filing fee in each case he seeks to reopen; or (2) filing a new *in forma pauperis* application in each case he seeks to reopen that meets the required threshold showing Plaintiff is in imminent danger of serious physical injury within thirty (30) days. An appropriate order shall be filed in each of these three cases.

DATED:  December 14, 2021                                    s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge